1
2
3
4
5                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
6
     CAPITOL SPECIALTY INSURANCE        No.  CV-13-05041-EFS
7    CORPORATION,

8                           Plaintiff,   **ORDER GRANTING IN PART AND**
                                         **DENYING IN PART PLAINTIFF'S**
9             v.                         **MOTION FOR SUMMARY JUDGMENT,**
                                         **GRANTING IN PART AND DENYING IN**
10   THE BEACH EATERY & SURF BAR, LLC,   **PART DEFENDANTS' MOTION FOR**
     d/b/a JACK DIDLEY'S EATERY AND      **SUMMARY JUDGMENT, AND DENYING**
11   CATERING; ERIC TODD JONES and       **PLAINTIFF'S MOTION TO STRIKE**
     REBECCA JONES, husband and wife
12   and the marital community composed
     thereof; BENJAMIN ADAM TRUDEAU and
13   JANE DOE TRUDEAU, husband and wife
     and the marital community composed
14   thereof; MATTHEW THOMAS HIBBARD
     and JANE DOE HIBBARD, husband and
15   wife and the marital community
     composed thereof; MICHAEL V.
16   EISELE and JANE DOE EISELE,
     husband and wife and the marital
17   community composed thereof;
     MICHAEL D. CATES; and JOHN and
18   JANE DOES 1-5,

19                          Defendants.

20

21                     I.    __INTRODUCTION__

22        Before the Court, without oral argument, is Plaintiff's Motion

23   for Summary Judgment Regarding Assault or Battery Exclusion, ECF No.

24   21; Defendants'[1] Cross-Motion for Summary Judgment, ECF No. 24; and

25   Plaintiff's Motion to Strike Certain Evidence Offered in Response and

26   _____
     [1] Note that this motion is joined by all defendants with the exception of
     Michael D. Cates.

     ORDER - 1

Cross-Motion to Plaintiff's Motion for Summary Judgment Regarding Assault or Battery Exclusion and Memorandum of Authorities, ECF No. 33.  Having reviewed the pleadings and the file in this matter, the Court is fully informed.  For the reasons that follow, the Court partially grants Plaintiff's Motion for Summary Judgment finding that the Assault or Battery Exclusion creates no duty to defend the defamation claim in the underlying lawsuit, partially grants Defendants' Cross-Motion for Summary Judgment finding an ambiguity as to reasonable force, and denies Plaintiff's Motion to Strike.

## II.  BACKGROUND

A.    Factual History[2]

The catalyst for the present case is an altercation between Michael D. Cates and certain staff members of Jack Didley's Eatery & Catering, a property operated by The Beach Eatery & Surf Bar, LLC (hereafter referred to, in a term including its staff, as the "Beach Eatery") in Kennewick, Washington on February 18-19, 2011.  In that case, Cates was a patron at Jack Didley's.  Cates received several injuries as a result of being ejected from the bar.  Cates filed a lawsuit (hereafter referred to as the "Cates lawsuit") in Benton County Superior Court against Beach Eatery alleging assault, negligent hiring and selection, negligent supervision, negligent training,

---

[2] When considering the summary judgment motions and drafting this background section, the Court 1) took as true all undisputed facts; 2) viewed all evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

ORDER - 2

1   negligent retention, intentional infliction of emotional distress,

2   defamation, negligence (excessive force), and respondeat superior.

3        At issue, in the factual context of this case, is the

4   interpretation of a commercial general liability insurance policy

5   executed between Capitol Insurance and Beach Eatery which was titled

6   Commercial General Liability Coverage Form and Liquor Liability

7   Coverage Form.  Included in the insurance policy is a 4-part document

8   and endorsement titled "Assault or Battery Exclusion" which is meant

9   to modify both the Commercial General Liability Form and the Liquor

10  Liability Coverage Form.  Sections A and B of the Assault or Battery

11  Exclusion exclude from insurance coverage under the policy certain

12  types of harm.  Section A, which applies to the Commercial General

13  Liability Coverage Form, excludes from insurance coverage what it

14  defines as expected or intended "bodily harm" and "property damage."

15  Section B, which applies to the Liquor Liability Coverage Form,

16  excludes from insurance coverage what it defines as expected or

17  intended "injury."  Section A states that "[t]his exclusion does not

18  apply to 'bodily injury' or 'property damage' resulting from the use

19  of reasonable force by any insured to protect persons or property."

20  Section B states that "[t]his exclusion does not apply to 'injury'

21  resulting from the use of reasonable force by any insured to protect

22  persons or property."  Both Parts A and B except the use of reasonable

23  force from the Expected or Intended Injury policy exclusion, and thus

24  allow coverage for harm resulting from the use of reasonable force.

25  In other words, Parts A and B (hereafter referred to as the

26  "reasonable force provisions") disallow coverage for damage resulting

ORDER - 3

1  from expected or intended harm, but allow coverage when the resulting

2  harm is the product of reasonable force.

3      Part C, however, also titled "'Assault or Battery' Exclusion,"

4  rejects this idea in what will hereafter be referred to as the "no

5  force provision," stating that:

> 6      This insurance does not apply to, nor shall we have a duty
> to defend, any claim or "suit" seeking damages or expenses
> 7      due to "bodily injury," "property damage," "personal and
> advertising injury" or "injury", as defined respectively in
> 8      the Commercial General Liability Coverage Form and Liquor
> Liability Coverage Form, arising out of, resulting from, or
> 9      in connection with any of the following acts or omissions
> regardless of their sequence or any concurring cause:
> 10     . . . .
>
> 11         e. The use of any force or property whether or not
>            the "bodily injury", "property damage", "personal
> 12         or advertising injury" or "injury" was committed
>            by or at the direction of you, any insured or any
>            person or legal entity; . . . ."

13

14  The reasonable force exceptions to the Assault and Battery Exclusion

15  in Parts A and B seem to conflict with Part C's provisions regarding

16  any force.   While Parts A and B allow coverage for those who use

17  reasonable force, Part C seems to say that the use of any force

18  precludes insurance coverage.   The question this court must answer is

19  which provision controls: the reasonable force provisions or the no

20  force provision.   Concurrently, Defendants ask the Court to decide

21  that Plaintiff has a duty to defend Beach Eatery in the Cates lawsuit.

22  **B.   Procedural History**

23      In Washington State, "[i]f the insurer is uncertain of its duty

24  to defend, it may defend under a reservation of rights and seek a

25  declaratory judgment that it has no duty to defend." *Woo v. Fireman's*

26  *Fund Ins. Co.*, 161 Wn.2d 43, 54 (Wash. 2007).   Plaintiff followed this

protocol by sending a Reservation of Rights Letter dated March 25, 2013, to Beach Eatery, and filing this declaratory action to determine if Plaintiff has a duty to defend Beach Eatery in the Cates lawsuit.

Plaintiff filed its Motion for Summary Judgment Regarding Assault or Battery Exclusion, claiming that the Assault or Battery Exclusion in the insurance policy, namely Part C subsection (e) on the use of any force, precludes insurance coverage for the defendants in the Cates lawsuit, as it is uncontested that there was the use of at least some force in that altercation.  ECF No. 21 at 9.  Plaintiff cites *McAllister v. Algora Syndicate, Inc.*, 103 Wn. App. 106, 111 (2000), which says that if there is an assault or battery exclusion and there are claims "ultimately based on assault and battery in the sense that without first establishing the underlying assault, negligence cannot be proved," the exclusion denies coverage for those claims that while not actually titled "assault" or "battery," are claims that are not possible unless there is the assault or battery to begin with.  ECF No. 21 at 10–12.

Defendants in their response to Plaintiff's Motion for Summary Judgment, and in filing their own Cross-Motion for Summary Judgment, argue that the no force provision does not apply to the reasonable force provisions, or in the alternative, that the entire Assault or Battery Exclusion is ambiguous due to a conflict between the no force provision and the reasonable force provisions.  ECF No. 24 at 6–8, 11, 14–15.  Washington insurance law states that "[t]he duty to defend arises where the complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the

1  insured within the policy's coverage." *Am. Best Food, Inc. v. Alea*
2  *London, Ltd.*, 168 Wn.2d 398, 404–05 (2010).  Defendants point out that
3  Washington law states that doubts and ambiguities are read in favor of
4  insurance coverage.  *Id.* at 411; ECF No. 24 at 10.  Defendants argue
5  that Plaintiff owes them a duty to defend, asserting that there is at
6  least an ambiguity in the Assault or Battery Exclusion with
7  conflicting terms directly controlling whether or not a duty to defend
8  in the Cates lawsuit exists.  ECF No. 24 at 6–8, 11, 14–15.

9        Plaintiff also moves to strike certain testimony by Matthew
10  Hibbard, General Manager of Jack Didley's, whose staff allegedly
11  assaulted Cates in the underlying lawsuit.  ECF No. 33.  This
12  testimony is contained in what is hereafter called the "Hibbard
13  Declaration."  ECF No. 28; ECF No. 33 at 3.  The Hibbard Declaration
14  is a Post-Incident Report that Hibbard wrote regarding the February
15  18–19, 2011 altercation between Cates and the staff of the Beach
16  Eatery.  ECF No. 28.  The report shows Hibbard's recollection of what
17  happened during that altercation, which appears to show that the Beach
18  Eatery's staff exercised reasonable force towards Cates.  *Id.*
19  Defendants rely on the Hibbard Declaration to further their argument
20  that they exercised reasonable force.  ECF No. 24 at 12.  Plaintiff
21  argues that this testimony should be stricken under Federal Rules of
22  Evidence 401, 402, and 403, because the testimony is irrelevant to the
23  case before this Court, as the testimony does not answer the question
24  of whether Cates' claims are covered under the policy.  ECF No. 33 at
25  3.
26  //

ORDER – 6

### III.  PARTIES' MOTIONS FOR SUMMARY JUDGMENT

**A.   Legal Standard for Summary Judgment**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  If the non-moving party fails to make such a showing for any of the elements essential to its claim for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

**B.   Legal Standard for Interpreting Insurance Policies**

The construction of an insurance contract is a question of law. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 480 (1984); *Bordeaux, Inc. v. Am. Safety Ins. Co.,* 145 Wn. App. 687, 694 (2008). Courts construe insurance policies as contracts. *Quadrant Corp. v. American States Ins. Co.*, 154 Wn.2d 165, 171 (2005).  We consider the policy as a whole and give it a "'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Weyerhaeuser Co. v. Commercial Union Ins. Co.,* 15 P.3d 115, 122 (Wash. 2000) (quoting *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.,* 134 Wn.2d 413, 427-28 (1998)).  "The language in standard form policies is interpreted in accord with the understanding of the average purchaser even if the insured is a large corporation with company counsel." *Queen City Farms, Inc. v. Central*

1   *Nat'l Ins. Co. of Omaha*, 126 Wn.2d 50, 66 (1994) (quoting *Boeing Co.*

2   *v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 882–83 (1990)).  "[I]f the

3   policy language is clear and unambiguous," the court "must enforce it

4   as written;" the court "may not modify it or create ambiguity where

5   none exists."  *Quadrant*, 154 Wn.2d at 171 (2005).    A policy is

6   ambiguous only if its provisions are susceptible to two different

7   interpretations, both of which are reasonable.  *Allstate Ins. Co. v.*

8   *Peasley,* 131 Wn.2d 420, 424 (1997).  Courts resolve ambiguity in favor

9   of the insured.  *Moeller v. Farmers Ins. Co. of Wash.,* 173 Wn.2d 264,

10  272 (2011).  "Courts interpreting insurance policies should be bound

11  by definitions provided therein."  *Overton v. Consolidated Ins. Co.*,

12  145 Wn.2d 417, 427 (2002).

13  **C.   Analysis**

14       1.   <u>The Insurance Policy Is Ambiguous, and Thus, Reasonable</u>

15            <u>Force Is an Exception to the Expected Or Intended Injury</u>

16            <u>Exclusion</u>

17       "The first step in interpreting an insurance contract is to

18  determine if the policy language is ambiguous."  *Alaska Nat'l Ins. Co.*

19  *v. Bryan*, 125 Wn. App. 24, 30 (2004).  This court finds the document

20  to be ambiguous after comparing the reasonable force provisions of

21  Parts A and B to the no force provision of Part C.  The reasonable

22  force provisions in Parts A and B conflict directly with the no force

23  provision in Part C.  While Parts A and B allow reasonable force to be

24  an exception to the Expected Or Intended Injury Exclusion, thus

25  providing coverage where reasonable force was used, Part C disallows

26  coverage in all circumstances where any force was used.  Furthermore,

the no force provision and the reasonable force provisions are in the same short three-page endorsement, with the reasonable force provisions on the page immediately preceding that of the no force provision, which does not refer in any way to the reasonable force provisions. The insurance policy is thus capable of two reasonable and different interpretations in the factual context of the Cates lawsuit alleging assault brought about by Beach Eatery. *See Allstate*, 131 Wn.2d at 424. One interpretation is that the use of any force by the insured completely blocks insurance coverage. A second interpretation is that the insured is guaranteed insurance coverage if the insured exercises reasonable force. As it is impossible to reconcile these two provisions in a way that makes sense and avoids ambiguity, the Court must follow contract law to interpret the insurance policy and the endorsement. *Quadrant*, 154 Wn.2d at 171.

The court may decide this issue on summary judgment, as interpretation of an insurance contract is a question of law. *State Farm*, 102 Wn.2d at 480. Insurance contracts are of a different character from regular contracts though, in that they are construed in favor of coverage. *Moeller*, 173 Wn.2d at 272. Even more important is the rule that "exclusionary clauses are to be most strictly construed against the insurer." *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 68 (1983). The endorsement at issue in this case is such an exclusion, and as there are two different but reasonable interpretations present in the exclusion, the Court must construe it in favor of the insured, and give effect to the provision which allows coverage. *Moeller*, 173 Wn.2d at 272. Thus, the Court rules that the

reasonable force provisions apply over the no force provision.

Additionally, Plaintiff relies upon *Montpelier U.S. Insurance Co. v. Boku L.L.C.*, No. 12—CV-01457, 2014 WL 1246767 (D. Conn. Mar. 24, 2014), asserting that reasonable force language in an Expected or Intended Injury Exclusion does not conflict with an Assault or Battery Exclusion. However, it is important to note that the provisions at issue here appear in an endorsement titled "Assault or Battery Exclusion," which in turn modifies documents purporting to insure Defendants in documents titled "Commercial General Liability Coverage Form" and "Liquor Liability Coverage Form." ECF No. 1-1 at 69–71. As this court must interpret the insurance contract through the eyes of an average insurance purchaser, it is unlikely that an average insurance purchaser would know that in agreeing to an endorsement and modification titled "Assault or Battery Exclusion," that they are not only agreeing not to be insured for assault and battery, but to also not be insured when *any* force is used. *See Woo*, 161 Wn.2d at 52. Upon reading the reasonable force provisions, average purchasers would immediately believe that they are still covered under circumstances where the insured exerts reasonable force, because it says exactly that on the first page of the endorsement in plain language. *See id*. The absence of any language in the no force provision which even hints at modifying the reasonable force provisions creates in the average insurance purchaser an expectation of insurance coverage in cases where reasonable force was exercised. *See Weyerhaeuser,* 15 P.3d at 122. Accordingly, this court finds that the no force provision does not apply where the expected or intended damages resulted from the use

1   of reasonable force as set forth in the Assault or Battery Exclusion.

2          2.    <u>Plaintiff Cannot Rely on the Assault or Battery Exclusion</u>

3                <u>to Avoid Defending Beach Eatery from Cates' Assault Claim</u>

4          Having found that the insurance policy is ambiguous and that the

5   reasonable force provision applies when in conflict with the no force

6   provision, the court must next determine if it is conceivable that the

7   complaint in the Cates lawsuit alleges facts covered under the

8   insurance policy. See *Woo*, 161 Wn.2d at 56.

9          Washington law requires that the duty to defend be analyzed in

10  accordance with the allegations in the complaint in the underlying

11  lawsuit. *See Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 879

12  (2013). "[T]he duty to defend '"arises when a complaint against the

13  insured, *construed liberally*, alleges facts which *could*, if proven,

14  impose liability upon the insured within the policy's coverage."'"

15  *Id.* (emphasis added) (citations omitted). "The duty to defend . . .

16  is based on the *potential for liability*." *Woo*, 161 Wn.2d at 52

17  (emphasis in original). And "[a]n insurer is not relieved of its duty

18  to defend unless the claim alleged in the complaint is 'clearly not

19  covered by the policy.'" *Id.* at 53. "[T]he duty to defend is

20  triggered if the insurance policy conceivably covers the allegations

21  in the [underlying] complaint . . . ." *Id.* "Conceivably" is a very

22  low threshold, and one that is quite easy to reach.

23         Here, while the complaint does not allege that Defendants used

24  reasonable force in the altercation with Cates, an allegation that

25  would clearly trigger the duty to defend, it must be remembered that

26  the Court must liberally interpret the complaint when analyzing

ORDER - 11

1    whether there is a contractual duty to defend. *Nat'l Sur. Corp.*, 176
2    Wn.2d at 879.

3        Plaintiff argues that if the reasonable force provision applies,
4    then every insured defendant alleged to have assaulted someone will
5    claim that they used reasonable force, and thus will be insured as a
6    result, leading to an absurd result providing coverage for those who
7    were intended to be excluded from coverage via the Assault or Battery
8    Exclusion. ECF No. 31 at 9. However, this is exactly what is
9    required under the wording of the entire insurance policy (with all
10   modifications including the Assault or Battery Exclusion), as
11   construed under Washington insurance law. Under the principles which
12   animate this field of law, not the least of which is that insurance
13   policies are to be construed in favor of coverage when there are
14   different but reasonable interpretations, this ruling is driven by the
15   language of the policy before this court. *Moeller*, 173 Wn.2d at 272.

16       As noted, an insurer is relieved of its duty to defend only if
17   the underlying complaint is clearly not covered by the policy. Woo,
18   161 Wn.2d at 53. However, there is no such clarity in this case. The
19   Commercial General Liability Coverage Form states that the insurer is
20   obligated to cover damages for "bodily injury" or "property damage."
21   ECF No. 1-1 at 41. The Liquor Liability Coverage Form states that the
22   insurer is obligated to cover injuries sustained by "selling, serving
23   or furnishing of any alcoholic beverage." ECF No. 1-1 at 75. Both of
24   these provisions are modified by certain exclusions and modifications.
25   The closest modification that applies as to the alleged assault is the
26   no force provision, but this Court has already ruled that the

1  reasonable force provisions prevail.   The Cates complaint lists

2  several causes of action all stemming from the injuries Cates received

3  in the incident with Beach Eatery's employees.   One of Cates' claims

4  is assault: he alleges that he "was physically assaulted and pushed

5  into the street onto his back."  ECF No. 1-2 at 4.   Conceivably, this

6  was the "result[] from the use of reasonable force . . . to protect

7  persons or property."  ECF No. 1-2 at 69.   In accordance with these

8  facts and principles, the Court finds that it is at least *conceivable*

9  that the complaint alleges facts which *could* make the complaint fall

10 within the policy's coverage.   In other words, it is conceivable that

11 the expected or intended force Beach Eatery's security staff used

12 against Cates as alleged in the underlying lawsuit was reasonable, and

13 thus within the policy's coverage.   Thus, Plaintiff cannot avoid its

14 duty to defend Defendants on the assault allegation in the underlying

15 Cates lawsuit by relying upon the no force provision.

16       3.   Plaintiff Does Not Have a Duty to Defend Defendants'

17            Alleged Defamation

18       Defendants argue that Cates' defamation claim invokes

19 Plaintiff's duty to defend.   ECF No. 24 at 17-21.   They cite *American*

20 *Best Food, Inc. v. Alea London, Inc.*, 168 Wn.2d 398 (2010) to support

21 their position.   In that case, two patrons of a nightclub started a

22 fight with each other.  *Id.* at 402-04.   Just outside the nightclub,

23 one of the patrons (Antonio) shot the other (Dorsey).  *Id.*  Security

24 returned fire, and wounded Antonio.  *Id.*  Security dragged Dorsey

25 inside.  *Id.*  Security was then ordered to remove him and did so,

26 leaving him by the curb of the street.  *Id.*  Dorsey sued the

nightclub, alleging that it "failed to take reasonable precautions to protect him against criminal conduct despite considerable notice of the potential harm[,]" and that "the security guards exacerbated his injuries by dumping him on the sidewalk after he was shot." *Id.* The nightclub "sought protection from its insurer, Alea London, Ltd." *Id.* Alea denied its duty to defend on the ground that the insurance policy it had with the nightclub had an exclusion which excluded insurance coverage "for injuries or damages 'arising out of' assault or battery." *Id.* The *Alea* Court, in reviewing the assault and battery exclusion before it, recognized that claims that an insured acted negligently after an excluded event can be covered. *Id.* at 410-11.

Here, Defendants argue that *Alea* applies because the defamation occurred after the alleged assault and was "independent *enough* to warrant a defense[,]" and thus, *Alea's* holding dictates that Capitol has a duty to defend. ECF No. 24 at 19 (citing *Alea*, 168 Wn.2d at 408). However, this argument fails to note that the exclusion in *Alea* was significantly different from the one here. The exclusion in *Alea* stated that "[t]his insurance does not apply to any claim *arising out of* . . . [r]eporting to the proper authorities or failure to so report . . . ." *Alea*, 168 Wn.2d at 696 (emphasis added). However, the exclusion in this case (hereafter referred to as the "reporting provision") disclaims any coverage for "'bodily injury,' 'property damage, 'personal and advertising injury' or 'injury' . . . *arising out of, resulting from, or in connection with* . . . *regardless of their sequence or any concurring cause* . . . [t]he reporting to the proper authorities or failure to do so by you, any insured, or any

person or legal entity . . . ." ECF No. 1-1 at 70 (emphasis added).
Unlike the exclusion in *Alea*, the exclusion in this case is much
broader and is not limited by time. Even if the defamation claim
might not fit under the category of harm arising out of reporting to
the proper authorities, it surely fits into the category of harm in
connection with the reporting to the proper authorities regardless of
its sequence to the underlying alleged assault. While the Court must
construe ambiguities in favor of the insured, it cannot construe it in
favor of coverage where it clearly is not covered by the policy. *See*
*Moeller,* 173 Wn.2d 264, 272 (2011) (stating that ambiguities in
insurance policies are to be read in favor of coverage); *Quadrant*
*Corp.*, 154 Wn.2d at 171 (stating that the court "may not modify" an
insurance policy "or create ambiguity where none exists."); *Allstate*
*Ins. Co.,* 131 Wn.2d at 424 ("An ambiguity exists only if the *language*
*on its face* is fairly susceptible to two different but reasonable
interpretations." (emphasis in original) (internal quotations and
citations omitted). In other words, the Court cannot construe an
ambiguity where the wording in question lacks ambiguity. The policy,
as to defamation, definitively and expressly lacks such ambiguity, and
thus the common law interpretation of insurance law has no effect in
this regard. Unlike the argument concerning the conflict between the
reasonable force provisions and the no force provision, Defendants
have not pointed to any provision which would provide any basis to
create at least an ambiguity that can be construed in their favor.

Defendants argue that the use of reasonable force created the
defamation claim. ECF No. 24 at 13. Thus, the same analysis which

applies to the other claims applies to the defamation claim, namely that the reasonable force provision applies over the no force provisions, and thus Plaintiff has a duty to defend Defendants against the defamation claim. *Id.* However, this argument fails to consider the exact wording of the reasonable force provisions, the nature of a defamation claim, and the presence of the reporting provision. The reasonable force provisions apply only to "bodily injury"[3] or "property damage"[4] in the Commercial General Liability Coverage Form, and to "injury"[5] in the Liquor Liability Coverage Form. ECF No. 1–1 at 69. The harm referred to in the reasonable force provisions is

---

[3] The Commercial General Liability Coverage Form defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." ECF No. 1–1 at 53.

[4] The Commercial General Liability Coverage Form defines the following terms:
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . . .
17. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
ECF No. 1–1 at 54–55.

[5] The Liquor Liability Coverage Form defines the following terms:
1. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
. . . .
5. "Injury" means damages because of "bodily injury" and "property damage", including damages for care, loss of services or loss of support.
. . . .
7. "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.
ECF No. 1–1 at 79.

ORDER – 16

only physical harm to persons or property.  *Id.* at 53, 55, 69, 79.
Defamation requires that the injured party prove "(1) falsity, (2) an
unprivileged communication, (3) fault, and (4) damages."  *Grange Ins.*
*Ass'n v. Roberts*, 320 P.3d 77, 93 (Wn. App. 2013).   None of these
elements relate to physical harm; defamation is based on damage to
reputation.   ECF No. 24 at 18; *see generally Grange Ins. Ass'n*, 320
P.3d at 93 (listing the elements of defamation).   As the reasonable
force provisions do not address the type of harm defamation causes,
and as the reporting provision directly addresses such a defamation
claim as in this type of case, there is not even an ambiguity that can
be construed in favor of coverage.   Thus, Plaintiff does not have a
duty to defend Defendants on the defamation claim.

Both parties raise arguments based on *McAllister v. Agora*
*Syndicate, Inc.*, 103 Wn. App. 106 (2000).   However, as it is clear
upon other grounds that Plaintiff owes no duty to defend on the
defamation claim, this court need not address this issue.

## IV.   PLAINTIFF'S MOTION TO STRIKE EVIDENCE

The Federal Rules of Evidence has certain standards regarding
the admissibility of evidence.   Evidence must be relevant to be
admissible; "[i]rrelevant evidence is not admissible."  Fed. R. Evid.
402.   And "[e]vidence is relevant if: (a) it has a tendency to make a
fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action."  Fed. R.
Evid. 401.   "Relevance is typically a low bar to the admissibility of
evidence," and is thus a low threshold to pass.  *Jones v. Ford Motor*
*Co.*, 204 Fed. Appx. 280, 283 (4th Cir. 2006).   "The court may exclude

relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff argues that the Hibbard Declaration, ECF No. 28, includes statements regarding what Hibbard states was reasonable force. ECF No. 33 at 3. Plaintiff argues that such statements, while relevant to the outcome of the Cates lawsuit, are irrelevant before this Court because Cates' complaint did not allege reasonable force, and the duty to defend is determined by the injured's complaint and not the insured's answer and defenses. *Id.* at 3-4. Thus, Plaintiff argues that the Hibbard Declaration's statements about reasonable force should be stricken. *Id.*

The Court finds the contested statements in the Hibbard Declaration, ECF No. 28, to be admissible and relevant evidence to this case. These statements are relevant for the determination of coverage. This evidence applies directly to the determination of whether reasonable force was used, and thus applies to the determination of whether there was a duty to defend those claims which are covered under the reasonable force provisions of the Assault or Battery Exclusion. Even though not necessarily dispositive of the issue, it at least raises a conceivable basis for coverage, thus triggering the insurer's duty to defend. See *Woo*, 161 Wn.2d at 53. Plaintiff's motion to strike is denied. The pertinent statements in the Hibbard Declaration are relevant to this case.

//

ORDER - 18

1                          **V.   CONCLUSION**

2          In conclusion, the Court finds an ambiguity in the terms of the

3  insurance policy, in which it is reasonable for the insured to believe

4  coverage was available for damage resulting from the use of reasonable

5  force in protecting persons or property.   Therefore, as there is a

6  factual basis in the Cates complaint that this occurrence conceivably

7  resulted from reasonable force, Plaintiff cannot avoid its duty to

8  defend the assault claim by relying upon the Assault or Battery

9  Exclusion.   However, Plaintiff owes no duty to defend the defamation

10  claim.   While Defendants' cross-motion vaguely seeks a finding of a

11  duty to defend, to the extent this would require an analysis of the

12  remaining Cates claims of negligence and whether they would fall

13  within the reasonable force exception to the Expected and Intended

14  Injury Exclusion or within a provision of the Assault and Battery

15  Exclusion, in the absence of briefing on point, the Court declines to

16  so inquire at this time.   And as there is an ambiguity in the

17  insurance policy which makes reasonable force a basis for coverage,

18  and as Defendants claim that they exercised reasonable force in the

19  altercation which is the subject of the underlying lawsuit, the

20  Hibbard Declaration's contested statements are relevant, and thus

21  Plaintiff's Motion to Strike is denied.

22          Accordingly, **IT IS HEREBY ORDERED**:

23          **1.**   Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is

24                **GRANTED IN PART** (no duty to defend as to defamation) and

25                **DENIED IN PART** (remainder).

26          **2.**   Defendants' Cross-Motion for Summary Judgment, **ECF No. 24**,

ORDER - 19

1    is **GRANTED IN PART** (ambiguity as to the use of force) and

2    **DENIED IN PART** (remainder).

3    **3.**   Plaintiff's Motion to Strike, **ECF No. 33**, is **DENIED**.

4    **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

5    Order and provide copies to all counsel.

6    **DATED** this  30th  day of July 2014.

7

8                           s/Edward F. Shea
                         _____
                              EDWARD F. SHEA
9                   Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Q:\EFS\Civil\2014\5041.xmsj.lc2.docx

ORDER - 20